**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 11, 2021

**MEMO ENDORSED**

By ECF
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Joe Young**
      **21 Cr. 486 (SHS)**

Dear Judge Stein,

    I write to respectfully request (1) authorization to inspect records relating to the composition of the grand jury that issued the indictment in this case and (2) a stay of any deadline to challenge Mr. Young's indictment under the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). The Government, by Assistant United States Attorneys Sarah Mortazavi and Jun Xiang, does not object to this application.

    Mr. Young was indicted on August 4, 2021 and charged with conspiracy to distribute narcotics. Dkt. No. 2.

Request to Inspect Records

    28 U.S.C. § 1867(f) states that "the parties shall ... be allowed to inspect, reproduce, and copy ... records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of ... a motion under subsection (a)." See also Test v. United States, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring 'grand and petit juries selected at random from a fair cross section on the community'"), quoting 28 U.S.C. § 1861. In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise nonpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). That is, at this stage, Mr. Young need not make any showing with respect to the success of such a motion in order to inspect the relevant records in the first instance. See, e.g., United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996); see also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported).

    My colleagues at the Federal Defenders of New York have received a production in United States v. Li, 20 Cr. 568 (AT) and United States v. Lawrence, 21 Cr. 127 (PGG) which

1

I believe contains data that is substantially similar to the Manhattan grand jury employed in the instant case. Because those records are subject to protective orders, we require the Court's authority to use them in connection with the contemplation and preparation of a motion challenging the composition of the grand jury in this case. Should the Court endorse this letter, the parties will jointly propose a protective order to govern the use of the records. Courts in this district have granted similar requests. See, e.g., Lawrence, 21 Cr. 127 (PGG), Dkt. Nos. 7 and 9; United States v. Peregrina, 20 Cr. 684 (LAK), Dkt. Nos. 6 and 7; United States v. Neilly, 21 Cr. 94 (VEC), Dkt. No. 11; United States v. Middlebrooks, 21 Cr. 89 (RMB), Dkt. No. 8; United States v. Spence, 21 Cr. 116 (LAK), Dkt. No. 7.

If the Court grants this request to inspect the records in connection with Mr. Young's case, it is my understanding that the Government will provide a copy of the relevant records to me and that the Jury Administrator will not need to reproduce those records.

Request to Stay Any Deadline

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." 28 U.S.C. § 1867(a). Although the Second Circuit has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. See, e.g., United States v. Saipov, (S1) 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020).

Currently pending before the Court in United States v. Reality Lucas, 21 Cr. 382 (SHS) is a fair cross-section challenge filed by my office, the resolution of which would likely control any fair cross-section challenge in this case. Accordingly, I am seeking a stay of any deadline to challenge Mr. Young's indictment under 28 U.S.C. § 1867(a) until seven days after the Court issues a decision in Reality Lucas. As noted above, the Government consents to this request.

Thank you for your consideration.

Requests granted.

Dated: New York, New York
August 12, 2021

SO ORDERED:

_Sidney H. Stein_
Sidney H. Stein, U.S.D.J.

Respectfully Submitted,

_Andrew J. Dalack_
Andrew J. Dalack, Esq.
Assistant Federal Defender

Counsel for Joe Young