UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
UNITED STATES OF AMERICA                                        :
                                                                :    CONSENT PRELIMINARY ORDER
                    - v. -                                      :    OF FORFEITURE AS TO SPECIFIC
                                                                :    PROPERTY/
JOE YOUNG,                                                       :    MONEY JUDGMENT
           a/k/a "YB,"                                          :
           a/k/a "Jasper,"                                      :
                                                                :    21 Cr. 486 (SHS)
                    Defendant.                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 2, 2021, JOE YOUNG, a/k/a "YB," a/k/a "Jasper"

(the "Defendant"), among others, was charged in three counts of a four-count Indictment, 21 Cr.

486 (SHS) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States

Code, Section 846 (Count One); and narcotics distribution, in violation of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2 (Counts

Three and Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One

through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United

States Code, Section 853, of any and all property, constituting, or derived from, any proceeds

obtained, directly or indirectly, as a result of the offenses charged in Counts One through Four of

the Indictment, and any and all property used, or was intended to be used, in any manner or part,

to commit, or to facilitate the commission of the offenses charged in Counts One through Four of

the Indictment, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of the offenses charged in Counts One through

of the Indictment;

WHEREAS, on or about August 4, 2021, pursuant to a warrant issued by the Hon. Robert W. Lehrburger, United States Magistrate Judge, the Government seized, among other things, the following specific property:

a) One (1) box of HSM 9mm rounds - fifty (50) total rounds;
b) One (1) box of Hornady Critical Defense .380 rounds - eleven (11) total rounds
c) One (1) box of Federal Premium .357 rounds - fifty (50) total rounds;
d) One (1) small black bag containing miscellaneous 9mm rounds – thirty three (33) total rounds;
e) One (1) box of Tul Ammo .45 rounds - forty-two (42) total rounds;
f) One (1) silver Joe Rodeo wrist watch (the "Watch");
g) $10,040 US Currency;
h) $65,090 US Currency;
i) $778 US Currency;
j) Black LG cell phone with cracked screen ("Cellphone-1");
k) White LG cell phone with cracked screen ("Cellphone-2");
l) Black Samsung Galaxy S8+, Serial # R28J82EFSRK, IMEI: 355980/08/409989/8 ("Cellphone-3");
m) Black Motorola cell phone with a cracked screen ("Cellphone-4")
n) Black Android cell phone with black Otter Box case ("Cellphone-5")
o) One (1) gold-colored necklace with "YB" letters (the "Necklace");
p) One (1) gold-colored ring (the "Ring");
q) One (1) gold-colored grill with "YB" letters (the "Grill");
r) One (1) gold-colored box, which originally contained Item #19 ("the Box");
s) $2,505 US Currency originally found in black satchel (Item #22);
t) 22) Black satchel (the "Satchel");
u) Loose ammunition - Twenty-two (22) Tul Ammo .40, One (1) Federal .40 silver casing, One (1) Federal .40 brass casing;
v) $5,509 US Currency;
w) One (1) box of Armscor .38 special ammunition - forty-five (45) rounds in box;
x) Black Samsung cell-phone with cracked screen, IMEI: 354232116179988 ("Cellphone-6");
y) Apple iPhone with Louis Vuitton case ("Cellphone-7");
z) One (1) black scale with drug residue;
aa) Two (2) Speer 9mm ammunition rounds;
bb) $1,253 US Currency;

(a. through bb., collectively, the "Seized Property");

WHEREAS, on or about March 16, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Government will not seek the forfeiture of the Watch, the Necklace, the Ring, the Box, the Grill, the Satchel, and Cellphones-1 through -7 (collectively, the "Returned Property") (the Seized Property less the Returned Property, are hereinafter referred to as the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $100,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jun Xiang and Sarah Mortazavi, of counsel, and the Defendant and his counsel, Andrew Dalack, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $100,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     The Government will not forfeit the Returned Property, and, with the exception of Cellphones-1 through -7, will return them to the Defendant in care of Defendant's counsel within thirty (30) days of the date of this Order. The Government will return Cellphones-1 through -7 at the conclusion of the proceedings arising out of this investigation, including any appeals of codefendants.

4.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JOE YOUNG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

15.   The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:      /s/ Jun Xiang                                                    9/29/2022
         JUN XIANG                                                       DATE
         SARAH MORTAZAVI
         Assistant United States Attorneys
         One St. Andrew's Plaza
         New York, NY 10007
         (917) 763-2289 / 2520

JOE YOUNG

By:                                                                       9|29|22
         JOE YOUNG                                                        DATE

By:                                                                       9|29|22
         ANDREW DALACK, ESQ.                                              DATE
         Attorney for Defendant
         52 Duane Street, 10th Floor
         New York, NY 10007

SO ORDERED:

                                                                          September 29, 2022
HONORABLE SIDNEY H. STEIN                                                 DATE
UNITED STATES DISTRICT JUDGE